Peter Strojnik, State Bar No. 6464
**STROJNIK P.C.**
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone: (602) 524-6602
ADA@strojnik.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| FERNANDO GASTELUM, <br><br> Plaintiff, <br><br> vs. <br><br> MCPHX17 LLC <br><br> Defendant. | Case No: 2:17-cv-02536-DGC <br><br> **LRCiv 56.1** <br><br> **MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> **28 CFR 36.302(e)** |

Plaintiff brings this Motion for Partial Summary Judgment on Count One and, particularly, Defendant's violations of 28 CFR 36.302(e).

**STATEMENT OF FACTS**

The following Statement of Facts is offered pursuant to LRCiv 56.1. References to "SOF" refer the Statement of Facts filed herewith.

Plaintiff's left leg is amputated below the knee. Plaintiff moves with the aid of a wheelchair or a prosthetic leg (SOF 1).

On or about July 27, 2017 Plaintiff visited a 3rd party website Expedia to book a room (SOF 2). 3rd party website failed to identify and describe mobility

related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's hotel meets his accessibility needs (SOF 3). 3rd party website failed to disclose the following accessibility features in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's hotel and guest rooms meets his accessibility needs (SOF 4).

a. Whether accessible routes comply with § 206 of the 2010 Standards; and

b. Whether operable parts on accessible elements, accessible routes and accessible rooms comply with §§205 and 803 of the 2010 Standards; and

c. Whether any accessible means of egress comply with §207 of the 2010 Standards.

d. Whether parking spaces comply with §§208 and 502 of the 2010 Standards; and

e. Whether passenger loading zones comply with §§209 and 503 of the 2010 Standards; and

f. Whether any drinking fountains comply with §211 of the 2010 Standards; and

g. Whether any kitchens, kitchenettes and sinks comply with §§212 and 804 of the 2010 Standards; and

h. Whether toilet facilities and bathing facilities comply with §213 of the 2010 Standards; and

i. Whether any washing machines and clothes dryers comply with §§214 and 611 of the 2010 Standards; and

j. Whether accessible hotel rooms comply with §224 of the 2010 Standards; and

k. Whether dining surfaces and work surfaces comply with §§226 and 902 of the 2010 Standards; and

l. Whether sales and service elements comply with §227 of the 2010 Standards; and

m. Whether any saunas and steam rooms comply with §§241 and 612 of the 2010 Standards; and

n. Whether any swimming pools, wading pools and spas comply with §§242 and 1009 of the 2010 Standards; and

o. Whether floor and ground surfaces comply with §302 of the 2010 Standards; and

p. Whether changes in level comply with §303 of the 2010 Standards; and

q. Whether turning spaces comply with § 304 of the 2010 Standards; and

r. Whether floor and ground spaces comply with §305 of the 2010 Standards; and

s. Whether knee and toes clearances comply with §306 of the 2010 Standards; and

t. Whether protruding objects comply with §307 of the 2010 Standards; and

u. Whether the reach ranges comply with §308 of the 2010 Standards; and

v. Whether the operating parts on accessible features comply with §309 of the 2010 Standards; and

w. Whether accessible routes comply with §402 of the 2010 Standards; and

x. Whether walking surfaces comply with §403 of the 2010 Standards; and

y. Whether doors, doorways and gates comply with §404 of the 2010 Standards; and

z. Whether ramps comply with § 405 of the 2010 Standards; and

aa. Whether curb ramps comply with §406 of the 2010 Standards; and

bb. Whether any elevators comply with §407 of the 2010 Standards; and

cc. Whether any platform lifts comply with §410 of the 2010 Standards; and

dd. Whether any stairways comply with §504 of the 2010 Standards; and

ee. Whether handrails on elements requiring handrails comply with §505 of the 2010 Standards; and

ff. Whether the plumbing facilities comply with Chapter 6 of the 2010 Standards with respect to all the following subchapters of Chapter 6: §§ 602 (drinking fountains), 603 (toilets and bathing rooms), 604 (water closets and toilet compartments, 605 (urinals), 606 (lavatories and sinks), 607 (bathtubs), 607 (shower compartments), 608 (grab bars), 610 (seats in bathtubs and shower compartments), and

gg. Whether service counters comply with 904 of the 2010 Standards.

Thereafter, Plaintiff consulted Defendant's 1st party website to determine the information unavailable from the third-party website (SOF 5). 1st party website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's hotel meets his accessibility needs (SOF 6). In particular, 1st party website failed to disclose the following accessibility features in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's hotel and guest rooms meets his accessibility needs in the same manner as the 3rd party website (SOF 7).

Plaintiff then called Defendant's hotel to inquire whether it was compliant with the ADA and suitable for Plaintiff's accessibility needs (SOF 8). Plaintiff spoke with hotel reservations clerk, Kailey. Plaintiff specifically inquired whether

4

Defendant's hotel was compliant with the Americans with Disabilities Act and compliant with the specific requirements of accessibility (SOF 10). Reservations clerk responded that the hotel was compliant with the Americans with Disabilities Act, and Plaintiff booked a room (SOF 10).

Upon booking the room, Plaintiff noted that the Hotel was not compliant with the ADA and was replete with accessibility barriers in the details which include the following areas of non-compliance (SOF 11).

a. Accessible parking spaces are not the closest to an accessible route entering the hotel; and

b. Accessible parking spaces are improperly marked, inadequately sized and encroached upon by curb ramps; and

c. Signage on non-accessible parking spaces is missing or improperly displayed; and

d. Curb ramps are too steep and lack edge protection; and

e. The entry to the room is inaccessible in that it fails to permit the door to open to 32" wide; and

f. Turning space in the room is non-compliant; and

g. The space around the bed is non-compliant; and

h. Water closet is non-compliant; and

i. Toilet paper dispensing system is non-compliant; and

j. Storage is non-compliant; and

k. Reach ranges are non-compliant; and

l. Sauna / jacuzzi is not accessible; and

5

m. Doors and latches are non-compliant with regulation relating to operable parts; and

n. The bathtub is non-compliant; and

o. The shower is non-compliant; and

p. Knee and toe spaces are not provided; and

q. Handrails throughout the hotel are non-compliant; and

r. Other ADA violations to be discovered through a discovery process. Plaintiff paid for the room (SOF 12).

The removal of accessibility barriers listed above is readily achievable (SOF 13).

As a direct and proximate result of ADA Violations, Plaintiff's Disability has prevented him from equal access to the Defendant's public accommodation (SOF 14). Plaintiff intends to book a room at Defendant's hotel in the future but he will likely suffer repeated injury unless and until the barriers of accessibility and ambulatory and wheelchair accessibility barriers have been removed (SOF 15).

## LEGAL ARGUMENT

28 CFR §36.302(e) provides in its entirety:

(1) *Reservations made by places of lodging.* A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

6

  (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

  (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

  (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

  (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

(2) *Exception.* The requirements in paragraphs (iii), (iv), and (v) of this section do not apply to reservations for individual guest rooms or other units not owned or substantially controlled by the entity that owns, leases, or operates the overall facility.

(3) *Compliance date.* The requirements in this section will apply to reservations made on or after March 15, 2012.

Neither 3rd party website nor 1st party website is compliant with 28 CFR §36.302(e)(i) and (ii). Plaintiff nonetheless called the hotel directly and was told, by one Kailey, that it was compliant with the ADA and he booked and paid for the room. Upon arrival, Plaintiff noted that the hotel was in fact non-ADA compliant in at least 18 instances as disclosed in the Statement of Facts above.

Plaintiff submits that the disclosures required by §36.302(e)(i) and (ii) require *truthful* disclosures; therefore, even though the hotel made a telephonic

7

disclosure that it was ADA compliant, this disclosure was false and violates §36.302(e)(i) and (ii).

## RELIEF REQUESTED

The non-disclosures and false disclosures above impact and discriminate against all mobility affected individuals with the ongoing violations. Immediate action is required for the protection of all mobility affected individuals. Therefore, Plaintiff prays for the following relief as to this Motion for Partial Summary Judgment only:

1. A finding that Defendant's 1st and 3rd party websites fail to identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; and

2. A finding that Defendants telephonic booking procedure fails to identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; and

3. Permanent enjoin Defendant to modify its policies, practices and procedures and immediately comply with 28 CFR 36.302(e) with factually truthful, clear and complete disclosures; and

4. For costs and attorney's fees as prayed for in the Verified Complaint.

Respectfully submitted this 1ˢᵗ day of August 2017.

**STROJNIK, P.C.**

_____
Peter Strojnik, 6464
**STROJNIK P.C.**
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone:  (602) 524-6602
ADA@strojnik.com
Attorneys for Plaintiff